**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RONALD REDA, AN INDIVIDUAL

   Plaintiff,

  v.

NATIONSTAR MORTGAGE, LLC D/B/A MR.
COOPER, A DELAWARE LIMITED
LIABILITY COMPANY,

   Defendant.

Civil Action No. 1:20-cv-02010

Hon. Charles P. Kocoras

Magistrate Judge Maria Valdez

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

   Defendant, NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER, A DELAWARE

LIMITED LIABILITY COMPANY, ("Nationstar"), by and through its attorneys Dykema

Gossett PLLC, moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**FACTUAL BACKGROUND AND INTRODUCTION**

   This case involves real property commonly known as 10924 Royal Glen Drive, Orland

Park 60467 (the "Property"). On March 28, 2008, Plaintiff purchased the Property by obtaining

a loan from National City Mortgage, a division of National City Bank. (Compl. ¶ 8). In or

around October 2017, servicing of the loan transferred from a prior servicer to Nationstar.

(Compl. ¶ 13). Plaintiff alleges that Nationstar collected payments of principal, interest, property

taxes and insurance. (Compl. ¶ 15). Plaintiff alleges that Nationstar paid Plaintiff's hazard

insurance premium to an unknown condominium association in March 2018 (Compl. ¶ 19) and,

at least initially, failed to pay the hazard insurance to anyone in 2019 (*See* Compl. ¶ 20).

On September 22, 2019, a thunderstorm allegedly caused physical damage to the Property and to Plaintiff's personal property. (Compl. ¶ 21). Plaintiff alleges that there was damage to the Property and to his personal property "as a direct result of the thunderstorm." (Compl. ¶ 22).

Plaintiff alleges that he contacted Nationstar in October 2019 to inquire about his hazard insurance and to advise Nationstar of the damage. (Compl. ¶ 28). However, Plaintiff alleges that Nationstar told him that his insurance premium had been paid to his condominium association who is responsible for maintaining insurance on the Property, which was allegedly incorrect because the Property is a single-family residence. (Compl. ¶¶ 29-30).

Plaintiff alleges that, after he reported the loss event to Nationstar, Nationstar placed a lender-placed insurance policy on the Property. (*See* Compl. ¶ 32). Thereafter, Plaintiff obtained his own hazard policy. (Compl. ¶ 33). Accordingly, in November 2019, Nationstar adjusted Plaintiff's escrow account to reflect the insurance policy purchased by Plaintiff. (Compl. ¶ 34).

In December 2019, Plaintiff alleges that he purportedly issued a Qualified Written Request ("QWR") to Nationstar seeking to obtain information relating to the hazard insurance. (Compl. ¶ 35). Nationstar responded to the purported QWR on January 8, 2020, but Plaintiff alleges that Nationstar did not provide all of the requested information. (Compl. ¶ 36).

Plaintiff filed this four-count action on March 27, 2020, seeking damages for purported violations of RESPA, breach of fiduciary duty, and violation of the Illinois Consumer Fraud Act (815 ILCS 505/10a, *et seq*.). Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

2

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citations omitted); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678 (2009)).

## ARGUMENT

I.      **BOTH OF PLAINTIFF'S RESPA CLAIMS (COUNT I-II) FAIL TO STATE A CLAIM BECAUSE PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE CAUSATION OF DAMAGES** *AS A RESULT OF* **NATIONSTAR'S ALLEGED FAILURE TO COMPLY WITH RESPA.**

Plaintiff's RESPA claims suffer a fundamental flaw because he does not – and cannot – establish the existence of damages caused by the purported violations. See 12 U.S.C. § 2605(f)(1)(A) (limiting damages to "actual damages to the borrower as a result of the failure" to comply with the section). A claim for violations of Section 2605 of RESPA fails when a plaintiff does not plead, or cannot establish, damages resulting from noncompliance. *See Byrd v. Homecomings Fin. Network,* 407 F. Supp. 2d 937, 945-46 (N.D. Ill. 2005). When basing a claim on actual damages, a plaintiff has the responsibility to set forth a causal link between the defendant's violation and the plaintiff's injuries. *McLean v. GMAC Mortg. Corp.*, 398 Fed. Appx. 467, 471 (11th Cir. 2010); *Straker v. Deutsche Bank Nat'l Trust*, 2012 U.S. Dist. LEXIS 187379, 2012 WL 7829989, at *11 (M.D. Pa. Apr. 26, 2012); *Gorbaty v. Wells Fargo Bank,*

*N.A.*, 2012 U.S. Dist. LEXIS 55284, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012) ("A plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA.")  This causal connection is a critical element when bringing a RESPA claim.  *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 694 (7th Cir. 2011); *see also Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719 (8th Cir. 2018) ("Congress's use of the phrase 'as a result of' dictates that there must be a causal link between the alleged violation and the damages.") (citation omitted).  In sum, failing to plead actual damages is fatal to a RESPA claim.  *Konieczka v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 42675, 2012 WL 1049910 at *4 (N.D. Ill. Mar. 28, 2012).

### A. Count I fails to allege causation of damages as a result of the failure to comply with section 2605 per section 2605(f)(1)(A).

Although Plaintiff alleges that a loss occurred (Compl. at ¶¶ 21-22), he notably fails to plead that he paid for any of the damage out of his own pocket, nor does he plead that the loss was not ultimately covered under Nationstar's lender-placed policy.  Plaintiff merely conclusively alleges that "…REDA sustained actual and statutory damages under RESPA…." (Compl. at ¶ 44).  But Plaintiff entirely fails to plead any facts showing what those actual damages were.  In other words, the mere fact that a loss occurred does not mean that Plaintiff suffered actual damages under RESPA; for example, there would be no damages if there was ultimately retroactive coverage for the loss.  Plaintiff only alleges that there were damages "as a direct result of the thunderstorm," (Compl. ¶ 22) but this does not mean that there were damages *as a result of the RESPA violation*.  *See Catalan*, 886 F.3d at 719.  In fact, Plaintiff suggests that Nationstar placed a hazard insurance policy on the Property after he reported the loss event.  (*See* Compl. at ¶ 32).  Reading the Complaint in the light most favorable to Plaintiff, at best, the Complaint only suggests (without actually alleging) a mere *possibility* that the loss was not

4

covered under Nationstar's policy. But Plaintiff must specifically make such an allegation in order to plead that he suffered actual damages as a result of Nationstar's purported RESPA violations. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer *possibility* that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*

To the extent Plaintiff relies on attorney's fees to establish damages under RESPA, he is misguided. The 7th Circuit has made it clear that simply having to file suit as a result of a loan servicer's alleged failure to respond to a qualified written request in violation of RESPA does not suffice as a harm warranting actual damages. *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 593 (7th Cir. 2016).

Furthermore, Plaintiff has not alleged a "pattern or practice" of noncompliance such that statutory damages would be available under RESPA. RESPA's damages provisions state that individuals are entitled to: "(A) any actual damages to the borrower . . . ; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). There must be more than a single violation to constitute a pattern or practice. *See Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 868 (N.D. Ill. 2002) (five violations sufficient to state a claim)). Plaintiff only alleges a single instance of two purported violations of separate provisions of RESPA, and therefore statutory damages are not available. Count I should be dismissed for failure to allege proximate causation of damages as a result of the purported RESPA violation.

**B.**     <u>Count II fails to allege any damages at all.</u>

In Count II, Plaintiff entirely fails to even allege any damages at all, much less that they were a result of Nationstar's purported failure to adequately respond to Plaintiff's purported QWR. Courts around the country have uniformly held that a claim for relief under RESPA based upon a purported failure to respond to a QWR must be dismissed when the plaintiff fails to show any damages resulting from that purported failure to respond. *See Battah v. ResMae Mortgage Co.*, 746 F. Supp. 2d 869, 8876 (E.D. Mich. 2010) ("To successfully plead a RESPA claim, Debtor must allege actual damages which resulted from the Bank Defendants' failure to respond to Debtor's QWRs"); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 945-46 (N.D. Ill. 2005); *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1367-74 (S.D. Fla. 2009).

There is no specific causal link between Nationstar's alleged failure to respond to Plaintiff's purported QWR and any actual damages. *See Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1059-1060 (7th Cir. 2018) (Plaintiff failed to show that he suffered out-of-pocket expenses as a result of any alleged RESPA violation by the Defendant). Without damages resulting from a specific RESPA violation, no RESPA claim exists. Therefore, Plaintiff's RESPA claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.     PLAINTIFF'S RESPA CLAIM UNDER SECTION 2605(e) (COUNT II) ADDITIONALLY FAILS TO STATE A CLAIM BECAUSE NATIONSTAR'S RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS WAS SUFFICIENT.**

In Count II, Plaintiff cites to RESPA's definition of the term "qualified written request" and vaguely alleges that Nationstar did not give a "sufficient written response" to Plaintiff's so-called QWR. (Compl. ¶¶ 46-47). Although Plaintiff admits that Nationstar responded to the purported QWR, Plaintiff alleges that Nationstar failed to "provide REDA with copies of his

hazard insurance declaration for any year requested," "provide proof of payment for hazard insurance from REDA's escrow account for the Property," and "provide copies of checks or like proof to demonstrate to whom REDA's hazard insurance premiums have been paid." (Compl. ¶ 36).

Nationstar's response letter itself, however, complied with RESPA's requirements, even assuming, *arguendo*, that Plaintiff's request for documents qualified as a QWR. Assuming, *arguendo*, that Plaintiff's purported QWR actually qualified as a QWR under RESPA, under Section 2605(e), Nationstar would need to conduct an investigation and provide Plaintiff with a written explanation or clarification that includes (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an employee who can provide assistance to the borrower. 12 U.S.C. § 2605(e)(2)(c). RESPA, however, does not require a servicer to respond to a request that seeks "confidential, proprietary or privileged information." *See* 12 C.F.R. § 1024.36(f)(1)(ii)*.* Plaintiff's December 2, 2019 letter and Nationstar's responses thereto may be considered in connection with this Motion to Dismiss. *See Menominee Indian Tribe v. Thompason*, 161 F.3d 449, 456 (7th Cir. 1998) (documents attached by a defendant to a motion to dismiss may be considered if they are referred to in the complaint and are central to the plaintiff's claims). Attached as Group Exhibit 1 are true and correct copies of Plaintiff's letter requesting documents (which Plaintiff alleges was a QWR), and Nationstar's response thereto (excepting exhibits that were attached thereto, which are omitted), respectively.

When Nationstar's response letter is taken into consideration, it is evident that Nationstar complied with RESPA's requirements by providing the documents that were requested, to the extent Nationstar was obligated to do so. Specifically, Nationstar provided the requested escrow

analyses and origination documents. Nationstar informed Plaintiff that the remaining documents could not be provided because the information did not pertain directly to the servicing of the loan (*see Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017) (RESPA only requires servicers to respond to requests that relate to "servicing" the loan)), did not identify any specific servicing errors, or was considered proprietary and confidential information, which is permitted under 12 C.F.R. § 1024.36(f)(1)(ii). Finally, Nationstar provided Plaintiff with contact information for the Account Resolutions Department if he had any questions.

Even if Plaintiff is not satisfied with Nationstar's response and its explanation, Plaintiff's opinion does not render the response noncompliant with RESPA. *See O'Brien v. Seterus, Inc.*, 2015 U.S. Dist. LEXIS 96809, *6 (S.D. Fla. July 24, 2015) ("Although Defendant did not give Plaintiffs the answer they desired, or respond with the level of specificity Plaintiffs apparently requested, Defendant did answer. . . ."); *Whittaker v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 151087, *28 (M.D. Fla. Oct. 23, 2014) ("Although Plaintiff did not like the explanation he received from Wells Fargo, Wells Fargo did state why it believed that the action it had taken on Plaintiff's account with regard to application of insurance proceeds was appropriate and correct. Such an explanation satisfies RESPA."); *Ruffin v. Seterus, Inc.*, 2019 U.S. Dist. LEXIS 50718, 17-cv-08849 at *5-6 (N.D. Ill. March 26, 2019) (finding no RESPA violation where the borrower was merely confused and/or unsatisfied with the answer from the servicer). As such, Plaintiff's blanket and unsupported factual assertion that Nationstar violated its duties under RESPA fails.

**III.    PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY (COUNT III) FAILS TO STATE A CLAIM BECAUSE PLAINTIFF DOES NOT ALLEGE THAT NATIONSTAR PROXIMATELY CAUSED AN INJURY, AND NATIONSTAR DID NOT OWE PLAINTIFF A FIDUCIARY DUTY.**

In Illinois, a breach of fiduciary duty requires a plaintiff to allege the existence of a fiduciary duty, a breach of that duty, and that the breach proximately caused the injury of which

the plaintiff complains. *Neade v. Portes*, 193 Ill. 2d 433, 739 N.E. 2d 496, 502, 250 Ill. Dec. 733 (Ill. 2000).

In this case, there was no proximate causation of an injury because, as discussed above, although Plaintiff alleged that a loss occurred "as a direct result of the thunderstorm" (Compl. ¶ 22), he has not alleged that he actually suffered any out of pocket damages as a result of Nationstar's purported mismanagement of the escrow account. Indeed, Plaintiff does not even specifically allege that there was no coverage or that he paid for any of the damage out of his own pocket.

Furthermore, Nationstar did not owe a fiduciary duty to Plaintiff. Under Illinois law, the burden of proving the existence of a fiduciary relationship lies with the party seeking relief. *Northern Trust Co. v. Halas*, 257 Ill. App.3d 232, 571 (Ill. App. 1st Dist. 1993). Where the alleged relationship does not exist as a matter of law, the plaintiff must plead facts from which a fiduciary relationship arises. *Santa Claus Industries v. First National Bank* (1991), 216 Ill. App. 3d 231, 238, 576 N.E.2d 326 (Ill. App. 1st Dist. 1991). It is well-settled that a mortgagor-mortgagee relationship does not create a fiduciary relationship as a matter of law. *See, e.g., Midamerica National Bank v. First Savings & Loan Association of South Holland*, 161 Ill. App. 3d 531, 538 (Ill. App. 1st Dist. 1987).

Here, Plaintiff alleges that a fiduciary relationship exists because Nationstar engaged in the collection, management and disbursement of payments from REDA's mortgage loan escrow account. (Compl. ¶ 50). But parties to a contract are not each other's fiduciaries. *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies Ltd.*, 970 F.2d 273, 280 (7th Cir. 1992) (applying Illinois law). Accordingly, any allegations of a breach of fiduciary duty should be dismissed pursuant to Fed R. Civ. P. 12(b)(6)..

**IV. PLAINTIFF'S CLAIM FOR VIOLATION OF THE ICFA (COUNT IV) FAILS TO STATE A CLAIM BECAUSE HE FAILS TO PLEAD WITH PARTICULARITY THAT NATIONSTAR'S CONDUCT PROXIMATELY CAUSED HIM DAMAGES.**

To state a claim under the ICFA, a plaintiff must allege (1) an unfair or deceptive act by the defendant; (2) the defendant's intention that the plaintiff rely on the unfair or deceptive act; (3) the unfair or deceptive act occurred in the course of trade or commerce; and (4) the unfair or deceptive act proximately caused the plaintiff's damages. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 934-35 (7th Cir. 2010). Furthermore, under Fed. R. Civ. P. 9(b), allegations of fraud must be pled with specificity. Specificity requires describing the "who, what, when, where, and how" of the fraud. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011).

Plaintiff fails to allege actual damages and, under the ICFA, a plaintiff must show that he suffered an "actual pecuniary loss." *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053 (Ill. App. Ct. 2009). *See also Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (actual damage element "requires that the plaintiff suffer 'actual pecuniary loss'"); *Price v. Seterus, Inc.*, 2016 U.S. Dist. LEXIS 48028, *22 (N.D. Ill. Apr. 8, 2016); *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1196-97 (Ill. App. Ct. 2008). To be clear, theoretical harm or damages that are predicated on "mere speculation, hypothesis, conjecture or whim" are also insufficient to support an ICFA claim. *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 5 (Ill. 2005); *Cooney v. Chi. Pub. Schs.*, 943 N.E.2d 23, 31 (Ill. App. Ct. 2010); *Petty v. Chrysler Corp.*, 799 N.E.2d 432, 439 (Ill. App. Ct. 2003).

For the same reasons discussed above, Plaintiff fails to plausibly plead that Nationstar's purported acts proximately caused Plaintiff's damages. Indeed, although Plaintiff alleges that a loss occurred "as a direct result of the thunderstorm" (Compl. ¶ 22), he fails to allege that made any payments out of pocket for any losses to the extent they were not covered. Instead, Plaintiff

conclusively states nothing more than that Nationstar's "actions proximately caused REDA the damages described herein." (Compl. ¶ 77). Therefore, Plaintiff failed to allege a pecuniary loss. Furthermore, although Plaintiff alleges that Nationstar collected monthly insurance installments does not cause Plaintiff any damages because he would have been required to maintain those insurance installments anyway.

Further, although not specifically pleaded, it should be noted that neither attorney's fees nor emotional damages constitute actual damages under the ICFA. *See Price*, 2016 U.S. Dist. LEXIS 48028, at \*22, citing *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012) ("emotional damages do not constitute actual damages under the ICFA"); *Garcia v. Receivables Performance Mgmt., LLC*, No. 14 C 5367, 2014 U.S. Dist. LEXIS 155337, 2014 WL 5543885, at \*2 (N.D. Ill. Nov. 3, 2014). Time spent seeking out the assistance of counsel is likewise not an actual damage under the ICFA. *Armbrister v. Pushpin Holdings*, LLC, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012) (finding that actual damages requirement was not met even though plaintiff alleged that he suffered harm through time and money spent defending lawsuit); *Garcia*, 2014 U.S. Dist. LEXIS 155337, 2014 WL 5543885, at \*2 ("it is clear that Garcia must allege more than just pecuniary losses relating to meetings he had with his attorneys. Accordingly, his ICFA claim must be dismissed."). Because Plaintiff cannot meet the requisite element of actual damages, his ICFA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant, NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER, A DELAWARE LIMITED LIABILITY COMPANY, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorney's fees, and grant such further relief as the Court deems just.

11

Dated:  June 30, 2020                                Respectfully submitted,

                                                     s/ Caleb J. Halberg
Caleb J. Halberg                                     Attorney for Defendants
chalberg@dykema.com
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
312.876.1700 (phone)
312.627.2302 (facsimile)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2020, I electronically filed the foregoing **Defendant's Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** with the Clerk of the Court using the ECF system, which sent electronic notification to all parties of record.

/s/ Caleb J. Halberg

4833-0169-1328.2

13