UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD REDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 2010 |
| | ) | |
| NATIONSTAR MORTGAGE, LLC D/B/A | ) | Judge Charles P. Kocoras |
| MR. COOPER, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Nationstar Mortgage, LLC's ("Defendant") motion to dismiss Plaintiff Ronald Reda's ("Reda") Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants-in-part and denies-in-part Defendant's motion.

**STATEMENT**

For the purposes of this motion, the Court accepts as true the following facts from Reda's Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All reasonable inferences are drawn in Reda's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

This action arises from approximately $30,000 of storm damage to Reda's single-family home at 10924 Royal Glen Drive in Orland Park, Illinois, where Reda has

lived since 2008. During Reda's residence, Defendant required Reda to maintain an escrow account for the collection and payment of hazard insurance. Reda made the required payments, but Defendant allegedly paid Reda's hazard insurance premium to an unknown condominium association instead of to the proper insurer County Mutual Insurance, which "rendered [Reda] without hazard insurance on the day of the loss event." The Complaint notes two other insurance policies at issue here: a lender-placed insurance policy and hazard insurance that Reda obtained after the storm damage.

In December 2019, following the storm damage, Reda issued a Qualified Written Request ("QWR") to Defendant seeking information about Defendant's maintenance of the escrow account. Defendant responded to the QWR but did not provide all the information requested by Reda, including a hazard insurance declaration, proof of payment of hazard insurance, or copies of checks to demonstrate to whom Defendant paid Reda's premiums.

Against this factual backdrop, the Complaint alleges that Defendant (1) violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), by improperly maintaining Reda's escrow account; (2) violated RESPA by providing an inadequate response to Reda's QWR; (3) breached a fiduciary duty; and (4) violated the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/10a. Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

2

1. **Out-of-Pocket Loss**

Defendant's motion spills a lot of ink to make one very simple point: that Reda's Complaint must plead an *actual* out-of-pocket loss. Obviously, that is true for none of Reda's causes of action can succeed without establishing some form of out-of-pocket loss.[1] But Reda's Complaint does facially allege an actual injury in that Defendant's conduct caused him to be uninsured on the date of the storm, which caused $30,000 in damage to the home he has lived in since 2008.

Rather than take this statement at face value, Defendant asks the Court to dismiss Reda's case on the largely technical point that Reda *omitted* to plead that Defendant's lender-placed policy did not pay for his claim. But if the lender-placed policy paid for Reda's claim, then what is his possible motivation for bringing this lawsuit? It is exceedingly reasonable to infer that it is because Reda is out at least $30,000. With this factual detail, Reda has made a facially plausible allegation, which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Admittedly, another possible inference is that Reda is pursuing this lawsuit for some other reason not relating to his out-of-pocket loss. But we may only dismiss a

---

[1] 12 U.S.C. § 2605(f)(1)(A); *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1059 (7th Cir. 2018) ("RESPA does not provide relief for mere procedural violations. Plaintiffs bringing claims under RESPA must show actual injury."); *Neade v. Portes*, 193 Ill. 2d 433 (Ill. 2000) (breach of fiduciary duty claims require damages); *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053 (Ill. App. Ct. 2009) (ICFA claims require damages).

complaint if "it is clear that no relief could be granted under *any set of facts* that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (cleaned up and emphasis added). The Court concludes that there is a set of facts potentially establishing Defendant's liability; after all, Reda alleges meaningful storm damage and that Defendant's conduct caused him to be uninsured on the day of the storm. Even were Defendant's characterization of events accurate, the Court's job at this stage is not to weigh competing inferences. Instead, at the motion to dismiss stage, we must give Reda the benefit of the doubt. *League of Women Voters of Chicago,* 757 F.3d at 724.

Contrary to Defendant's hypertechnical position, "the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957). In line with this widely-held principle, the Court concludes that a proper decision on the merits is more likely if we reject Defendant's argument. After all, the Federal Rules do not provide for a "technical form[] of pleading" and all "pleadings shall be construed as to do substantial justice." *Swierkiewicz.*, 534 U.S. at 513 (cleaned up).

Were the Court to instead grant Defendant's motion outright, the Court would be inclined to contemporaneously grant Reda leave to amend under Rule 15, which provides that leave be freely given where justice so requires. This course of action

4

however would involve much more delay through both the amendment itself and a possible second motion to dismiss. It would also frustrate the parties' interest in a prompt resolution of this matter. Here, Defendant is on "fair notice of what the . . . claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Thus, discovery can proceed, and we decline to grant Defendant's motion.

At the same time, the Court acknowledges that this case would be best moved along by Reda filing a detailed memorandum providing a more definite statement of the out-of-pocket damages he suffered. Defendants, rather than moving to dismiss, could have instead received this helpful information sooner had they filed a motion for a more definite statement under Federal Rule of Civil Procedure 12. Rule 12 provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This tool is often underutilized, but, here, it would have provided the clarity Defendant seeks.

Given this, Reda is directed to file a brief memorandum with the Court providing a fulsome description of out-of-pocket loss, if any, he suffered because of Defendant's conduct. *See In re S.M. Acquisition Co.*, 2006 WL 2290990, at *3 (N.D. Ill. 2006) (recognizing that courts have the discretion to issue Rule 12(e) directives on their own motion). The parties are reminded that claims "lacking merit may be dealt with through summary judgment under Rule 56." *Swierkiewicz.,* 534 U.S. at 514.

For these reasons, Defendant's motion to dismiss as to Count 1 is denied.

### 2. Count 2 (QWR)

Defendant's actual loss argument has much more substance as it relates to Reda's claim that Defendant's response to Reda's QWR was inadequate. The Seventh Circuit has held that RESPA does not provide relief for "mere procedural violations." *Moore*, 908 F.3d at 1059. As alleged and in the light most favorable to Reda, there is *no set of facts* where Reda suffered an actual loss from Defendant's QWR-related conduct well after the storm damage. The operative injury here is that Reda was allegedly wrongfully left without insurance—not that Defendant provided a procedurally deficient response to Reda's QWR. Even if Reda is right that Defendant's mishandling of the escrow account continued, the fact remains that only one set of damages is actionable: those caused by being uninsured during the storm.

Reda also presses that statutory damages revive this claim because he can establish a "pattern or practice of RESPA noncompliance. . ." *Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 858 (7th Cir. 2017). But Reda has not made allegations beyond this one incident or at all provided any story that holds together as to Defendant's alleged "pattern or practice" of non-compliance. Additionally, and to the point here, "the statute does not grant statutory damages for bare procedural violations; it requires an actual injury." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016).

Accordingly, the Court dismisses this claim. *See Konieczka v. Wachovia Mortg. Corp.*, 2012 WL 1049910, at *3 (N.D. Ill. 2012). If Reda for good cause believes that there is separate out-of-pocket injury proximately caused by Defendant's inadequate QWR response, he may seek detailed written leave of the Court to file an amended complaint as to this Count. Otherwise, this Count is dismissed.

### 3. Count 3 (Fiduciary Duty)

Defendant also argues that it does not owe Reda a fiduciary duty. Tellingly, Defendant seems to abandon this argument on reply. Defendant's authority correctly states the general proposition that parties to a contract and to a mortgage are not fiduciaries. But escrow accounts are *in addition to* the mortgagor-mortgagee relationship and, at least at the pleading stage, confer a fiduciary-like duty upon Defendant. Reda aptly made this point with citation to *Choi v. Chase Manhattan Mortg. Co.*, 63 F. Supp. 2d 874, 883 (N.D. Ill. 1999) where Judge Moran held that a related escrow account may create a fiduciary-like duty. We agree with Judge Moran. Defendant's reply does not attempt to distinguish *Choi*, but seemingly concedes the point and—again—refers the Court back to its overarching actual damages argument, which we have already decided above.

Accordingly, Defendant's motion to dismiss Count 3 is denied.

### 4. Count 4 (ICFA)

ICFA, like Reda's other claims, requires proof of actual damages, *Morris,* 911 N.E.2d at 1053. Here too, our discussion and ruling above applies.

7

Defendant's only remaining argument is that fraud must be pled with particularity under Federal Rule of Civil Procedure 9. True. We do need to know the "who, what, when, where, and how" of the fraud. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). But this case is not about some overly byzantine scheme—it is about one allegedly concrete error that impacted one person's home and life. After reviewing the Complaint, the who, what, when, where, and how are clear enough for this claim to proceed past a motion to dismiss under Rule 9.

Accordingly, Defendant's motion to dismiss Count 4 is denied.

## **CONCLUSION**

For the foregoing reasons, the Court grants-in-part and denies-in-part Defendant's motion. Counts 1, 3, and 4 may proceed. As to these counts, Reda is directed to provide a more definite statement detailing his out-of-pocket loss, if any, within 21 days. Count 2 is dismissed. If Reda believes with good cause that he suffered a distinct out-of-pocket injury because of Defendant's response to his QWR, he may seek detailed written leave of the Court within 21 days to potentially proceed with Count 2. Telephonic status is set for 1/19/2021 at 10:30 a.m. It is so ordered.

Dated: 12/15/2020

_____
Charles P. Kocoras
United States District Judge

8